HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
JOSE DE JESUS CORONA-IBARRA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE DE JESUS CORONA-IBARRA,<br><br>Defendant. | Case No. 1:18-cr-00209 DAD-BAM-1<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: Hon. Dale A. Drozd |

Defendant, JOSE DE JESUS CORONA-IBARRA, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Corona-Ibarra's total offense level was 23.  He received 6 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 8, which placed Mr. Corona-Ibarra in criminal history category IV with a recommended guideline range of 70 to 87 months;

4. On April 19, 2021, this Court sentenced Mr. Corona-Ibarra to a term of 72 months imprisonment;

5. The sentencing range applicable to Mr. Corona-Ibarra was subsequently lowered by the status-point provision, which reduces his criminal history score to 6, lowering his criminal history category from IV to III, resulting in an amended advisory guideline range of 57 to 71 months;

6. Because Mr. Corona-Ibarra is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Corona-Ibarra's term of imprisonment to 59 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 59 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

7. Based on the Federal Bureau of Prison's website, Mr. Corona-Ibarra's current projected release date is September 19, 2025.

8. <u>United States' statement regarding its stipulation</u>[2]: The defendant was convicted of being a Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a).  The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 48; government's sentencing memorandum, ECF No. 50; defendant's

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

[2] This statement is not part of the parties' stipulation.

sentencing memo, ECF No. 51; Statement of Reasons ("SOR"); Judgment, ECF No. 53; and defendant's Bureau of Prisons ("BOP") disciplinary history.

At sentencing, the government supported the Probation Officer's mid-range sentence of 78 months' imprisonment, due to uncharged conduct that could have warranted an argument for an upward departure. ECF No. 50; PSR at 16. Defendant argued for a 36-month sentence. ECF No. 51. The Court imposed a sentence of 72 months, two months above the low end of the applicable guideline range.

BOP records indicate that as of February 27, 2024, the defendant has no reported sustained disciplinary incidents during his time in custody.

Respectfully submitted,

| | |
|---|---|
| Dated: March 7, 2024 | Dated: March 7, 2024 |
| PHILLIP A. TALBERT<br>United States Attorney | HEATHER E. WILLIAMS<br>Federal Defender |
| /s/ *Shelley D. Weger*<br>SHELLEY D. WEGER<br>Assistant U.S. Attorney<br>Attorney for Plaintiff<br>UNITED STATES OF AMERICA | /s/ *Peggy Sasso*<br>PEGGY SASSO<br>Assistant Federal Defender<br>Attorney for Defendant<br>JOSE DE JESUS CORONA-IBARRA |

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Corona-Ibarra is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from IV to III, resulting in an amended guideline range of 57 to 71 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2021 is reduced to a term of 59 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 59 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Corona-Ibarra shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated: **March 8, 2024**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE